UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYMOND MCDOWELL,

            Plaintiff,

-against-

MANHATTAN MEDICAL ASSOCIATES,

            Defendant.

23-CV-7110 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, a New York resident who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. He asserts that Defendant Manhattan Medical Associates ("MMA") "used my name to take out a loan . . . from a bank without my knowledge." (ECF 1, at 2.) By order dated August 11, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint. On July 18, 2022, Plaintiff "visited Manhattan Medical Associates for medical consultation on male erectile dysfunction." (ECF 1, at 5.) Plaintiff "agreed to begin a treatment plan that consisted of 8 sessions at a cost of approximately $139.00 per session, which would bring the total to approximately $1112.00." (*Id.*) Plaintiff signed an agreement and commenced treatment, but after attending five sessions, on August 22, 2022, he ceased treatment for financial reasons. The following year,

> On June 2, 2023 I received a Pre-Legal Notice from Credit Corp Solutions stating that they were a debt collector and had acquired my outstanding debt of $4487.19 for medical services provided by Manhattan Medical Associates from LendingPoint LLC. After researching the matter, it was then that I learned of a loan in the amount of $3995.00 taken out in my name to receive 10 treatments for male erectile dysfunction by Manhattan Medical Associates. This was done without my knowledge and consent.

(*Id.*) Plaintiff attaches to the complaint: (1) MMA's invoice, dated July 18, 2022, which shows that Plaintiff had paid $3,995 for 10 treatments; (2) a "Custom Care Plan," which he signed, showing that the 10 sessions cost $3,995; and (3) a July 18, 2022 Promissory Note, showing that a $3,995 loan in Plaintiff's name was financed by First Electronic Bank and that Plaintiff would be responsible for 36 payments in the amount of $139.45, which included a $1,025.06 finance charge. (*Id.* at 19, 21, 23.) Plaintiff's electronic signature was used to authorize the payments being deducted from this credit card. (*Id.* at 28-29.)

Plaintiff also attaches the June 2, 2023 Pre-Legal Notice indicating that Plaintiff currently owes $4,487.19 for the loan taken out in his name.

Plaintiff seeks "to have Manhattan Medical Associates repay the outstanding balance of $4487.19 to Credit Corp Solutions (the debt collector) and to have the blemish of this debt removed from my credit history." (*Id.* at 6.)

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative[.]").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of

federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Here, Plaintiff invokes the Court's federal question jurisdiction but does not state facts suggesting that MMA violated any federal law. Rather, the facts alleged suggest state law claims of fraud. The Court therefore cannot exercise federal question jurisdiction of any state law claim Plaintiff may be asserting.

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State.").

For diversity purposes, an individual is a citizen of the State where he or she is domiciled, which is defined as the place where a person "has his [or her] true fixed home . . . and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* A corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," § 1332(c)(1), and a limited liability company ("LLC"), a limited partnership ("LLP"), or other unincorporated entity possesses the citizenship of each of its members, *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016). *See also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters); *Bayerische Landesbank v. Aladdin Cap. Mgmt.*

*LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (a limited liability company (LLC) "takes the citizenship of each of its members" for diversity purposes).

In addition, for a court to exercise diversity jurisdiction, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff does not satisfy the diversity statute's two requirements: (1) Plaintiff and Defendant both reside in New York, precluding complete diversity of citizenship, and (2) the amount in controversy does not exceed $75,000.00. The Court therefore cannot exercise diversity jurisdiction of any state law claim Plaintiff may be asserting. Because the Court also cannot exercise federal jurisdiction of this claim, the Court lacks subject matter jurisdiction of the action.[1]

## LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] The Court offers no opinion as to any state law claim Plaintiff may pursue in state court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   November 6, 2023
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge